IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Nos. 06-398 & 08-93 |
| | ) | |
| STEPHEN BRAY | ) | |

O P I N I O N

DIAMOND, D.J.

Presently before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 filed by Stephen Bray ("petitioner"). For the following reasons, petitioner's motion will be denied.

On November 14, 2006, a grand jury in the Western District of Pennsylvania returned a nineteen-count indictment at Criminal No. 06-398 against petitioner charging him with: conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine (Count 1); possession with intent to distribute less than 500 grams of cocaine (Counts 2-4); and, using a telephone to facilitate a controlled substance conspiracy (Counts 5-19).

On February 7, 2008, a one-count information was filed in the United States District Court for the Northern District of West Virginia charging petitioner with distribution of crack cocaine in or near a school. On February 25, 2008, pursuant to petitioner's consent to transfer jurisdiction under Fed. R. Crim. P. 20, the information was transferred from the Northern District of West

Virginia to the Western District of Pennsylvania and filed at Criminal No. 08-93.

On March 11, 2008, pursuant to a written plea agreement, petitioner entered a plea of guilty to Count One at CR 06-398. On that same date, and pursuant to a separate plea agreement, petitioner waived his right to indictment and pled guilty to the one-count information at CR 08-93. Petitioner subsequently was sentenced to a term of imprisonment of 94 months consisting of 94 months at Count One at CR 06-398 and 78 months at Count One at CR 08-93, to be served concurrently. Petitioner did not file a direct appeal.

Petitioner's §2255 motion asserts four grounds for relief: (1) he was denied due process when the probation officer interviewed him for the presentence report by telephone without the physical presence of counsel; (2) the government breached the plea agreement by using information gleaned from that interview in seeking a two-level enhancement to petitioner's offense level for possession of a firearm; (3) counsel was ineffective in failing to review the presentence report with petitioner until minutes before the sentencing; and, (4) counsel was ineffective in failing to object to the two-level firearm enhancement. Upon due consideration of petitioner's motion, the government's response and petitioner's reply, the court finds that petitioner is not entitled to relief under §2255.[1]

---

[1] The court finds that no evidentiary hearing on petitioner's motion is required. Rule 8(a) of the Rules Governing

Pursuant to 28 U.S.C. §2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). Relief under §2255 is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results

---

§2255 Proceedings provides:

> If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

Where the record affirmatively indicates that a movant's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, it is not an abuse of discretion to elect not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. In this case, the court finds, for the reasons set forth in this opinion, that the record, along with the court's personal knowledge of the case, affirmatively establish as a matter of law that petitioner's claims for relief have been waived, and otherwise are meritless, and therefore no hearing is required.

in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F.Supp. 337, 339 (E.D.Pa. 1997) (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

In this case, petitioner entered into binding plea agreements with both the United States Attorney for the Western District of Pennsylvania regarding the conduct charged in the Indictment at CR 06-398 and the United States Attorney for the Northern District of West Virginia regarding the conduct charged in the Information filed at CR 08-93.[2] Both of petitioner's negotiated plea agreements contain provisions expressly waiving his collateral attack rights. These waiver provisions, in identical language, provide:

> "[Petitioner] further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."

Plea Agreement, ¶A13; Exhibit 2 to Plea Agreement, ¶12.

The Court of Appeals for the Third Circuit has recognized that a defendant's waiver of his right to file a §2255 motion or other collateral proceeding attacking his conviction and sentence is enforceable "provided that [it is] entered into knowingly and voluntarily and [its] enforcement does not work a miscarriage of

---

[2] The plea agreement between petitioner and the United States Attorney for the Northern District of West Virginia was attached as Exhibit 2 and incorporated into the plea agreement entered into between petitioner and the United States Attorney for the Western District of Pennsylvania. Plea Agreement ¶1.

justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). Applying this standard, the court finds in the present case that petitioner's waiver of his right to file a §2255 motion is valid and controlling.

First, there is nothing to suggest that petitioner's waiver of his collateral attack rights was not knowing and voluntary. Although petitioner now contends that "at no time did [his counsel] read, discussed [sic] and/or explain the plea agreement with [petitioner] prior to signing the plea or even after he signed it," that contention is belied by the fact that petitioner admitted under oath at the plea hearing that counsel had reviewed the plea agreements with him, confirmed that it was his own signature on the plea letters, and admitted that he signed them knowingly and voluntarily after having discussed them with counsel. Accordingly, a finding of involuntariness effectively is foreclosed by petitioner's admissions at the change of plea hearing during the colloquy with this court,[3] and petitioner has

---

[3] Although a review of the change of plea colloquy indicates that the court did not strictly adhere to Federal Rule of Criminal Procedure 11(b)(1)(N), which requires the court, not the government or defense counsel, to address the defendant in a plea hearing and inform him that he is waiving the right to appeal and to collaterally attack his sentence with a §2255 motion, the court finds in this case that this error did not affect petitioner's substantial rights and is no ground to render petitioner's waiver of his collateral attack rights unenforceable. See United States v. Goodson, 544 F.3d 529, 539 (3d Cir. 2008) (deficient plea colloquy did not preclude defendant from understanding that he had waived his appellate rights, and holding that the defendant's substantial rights were not affected). Here, the collateral attack waiver was clearly set forth in the written plea agreements Plea Agreement, ¶A.13 and Exhibit 2, ¶12, and the government's summary of the plea agreements at the plea hearing included a

AO 72
(Rev. 8/82)

- 5 -

justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). Applying this standard, the court finds in the present case that petitioner's waiver of his right to file a §2255 motion is valid and controlling.

First, there is nothing to suggest that petitioner's waiver of his collateral attack rights was not knowing and voluntary. Although petitioner now contends that "at no time did [his counsel] read, discussed [sic] and/or explain the plea agreement with [petitioner] prior to signing the plea or even after he signed it," that contention is belied by the fact that petitioner admitted under oath at the plea hearing that counsel had reviewed the plea agreements with him, confirmed that it was his own signature on the plea letters, and admitted that he signed them knowingly and voluntarily after having discussed them with counsel. Accordingly, a finding of involuntariness effectively is foreclosed by petitioner's admissions at the change of plea hearing during the colloquy with this court,[3] and petitioner has

---

[3] Although a review of the change of plea colloquy indicates that the court did not strictly adhere to Federal Rule of Criminal Procedure 11(b)(1)(N), which requires the court, not the government or defense counsel, to address the defendant in a plea hearing and inform him that he is waiving the right to appeal and to collaterally attack his sentence with a §2255 motion, the court finds in this case that this error did not affect petitioner's substantial rights and is no ground to render petitioner's waiver of his collateral attack rights unenforceable. See United States v. Goodson, 544 F.3d 529, 539 (3d Cir. 2008) (deficient plea colloquy did not preclude defendant from understanding that he had waived his appellate rights, and holding that the defendant's substantial rights were not affected). Here, the collateral attack waiver was clearly set forth in the written plea agreements Plea Agreement, ¶A.13 and Exhibit 2, ¶12, and the government's summary of the plea agreements at the plea hearing included a

AO 72
(Rev. 8/82)

raised no new meritorious allegations that his plea otherwise was coerced.

Nor can petitioner demonstrate that enforcement of the collateral attack waiver would work a miscarriage of justice. We are to use a "common sense approach" and "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." Mabry, 536 F.3d at 242-3. This circuit has identified instances that may constitute a miscarriage of justice, such as if enforcing a collateral attack waiver would bar a defendant's appeal on grounds expressly preserved in the plea agreement, or if counsel was ineffective in negotiating the plea agreement that contained the waiver. Id. at 243 (citing United States v. Shedrick, 493 F.3d 292, 303 (3d Cir. 2007); United States v. Wilson, 429 F.3d 455 (3d Cir. 2005)).

Here, the collateral attack waivers agreed to by petitioner were broad and contained no exceptions, explicitly stating that he "waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." Plea Agreement, ¶A.13 (emphasis added); Exhibit 2

---

review of all of the relevant terms, including the appellate and collateral attack waiver provisions. Following the summary, when asked by the court whether he had any questions regarding the plea agreement, petitioner responded that he did not. He further acknowledged under oath that he had read the plea letter and had discussed it with his attorney. The record is conclusive that petitioner's assent to the plea agreements, including the collateral attack waiver provisions, was knowing and voluntary, and that his substantial rights otherwise are not affected by the lack of strict adherence to Rule 11(b)(1)(N).

to Plea Agreement, ¶12. Petitioner also has failed to identify "any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack." Mabry, 536 F.2d at 243.[4]

Nor can it be argued that petitioner's trial counsel was ineffective[5] in negotiating the plea agreements that contained the collateral attack waiver provisions, which petitioner would be required to show in order to establish a miscarriage of justice sufficient to preclude enforcement of the waiver of his collateral attack rights.

In the context of an ineffective assistance of counsel claim relating to guilty pleas, the prejudice prong of the Strickland test can be met by a showing that, but for counsel's errors, petitioner would have proceeded to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985); United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

---

[4] The court further notes that petitioner waived his first two grounds for relief not only by the express waiver provision of the plea agreement, but also by the fact that he failed to raise either of these grounds in his direct appeal. Bousley v. United States, 523 U.S. 614, 622 (1998)("[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice', or that he is 'actually innocent.'" See also United States v. Frady, 456 U.S. 152, 167 (1984). Petitioner clearly has not shown his actual innocence and, indeed, does not even allege it. Rather, all four of petitioner's asserted grounds for relief only challenge the two-level firearm enhancement to his offense level.

[5] In order to prevail on a claim that counsel rendered constitutionally ineffective assistance, petitioner must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Here, petitioner has not even attempted to show that he would not have pled guilty and would have proceeded to trial but for counsel's allegedly ineffective performance. In fact, petitioner is not asking that his guilty plea be vacated at all, he merely seeks to have his sentence vacated and requests that he be re-sentenced without the purportedly improper two-level enhancement to his offense level for possession of a firearm.[6]

Moreover, even if the court were to assume that petitioner is correct, which he is not, and the two-level enhancement should not have been applied, he cannot show prejudice. Applying the two-level enhancement at issue, petitioner's offense level was calculated to be 35, with a criminal history category of II, resulting in an advisory guideline sentencing range of 188-235 months. Without the two-level enhancement, petitioner's offense level would have been 33, with a criminal history category of II, resulting in an advisory guideline sentencing range of 151-188 months. Petitioner was sentenced to a term of imprisonment of 94 months, far below the sentencing guideline range that would have applied even absent the two-level enhancement he attempts to challenge in his petition. Accordingly, even if counsel had been ineffective in not challenging the enhancement, and the enhancement had been improper, petitioner can show no prejudice.

---

[6] In making its guidelines calculations, the court found that a two-level increase to petitioner's offense level was warranted pursuant to U.S.S.G. §2D1.1(b)(1) because the parties stipulated that the offense charged at Count One of the Information at CR 08-93 involved the possession of a firearm.

Because petitioner knowingly and voluntarily agreed to waive his right to file a motion to vacate under §2255 and the enforcement of that waiver does not work a miscarriage of justice, the court concludes that petitioner's waiver of his collateral attack rights in this case is valid and controlling. Accordingly, petitioner's §2255 motion will be denied.

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under §2255 is entered a determination of whether a certificate of appealability should issue also shall be made. The issuance of a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause). Congress has mandated that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). As this court's foregoing discussion makes clear, petitioner has failed to make a substantial showing of a denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this case. See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996).

For the reasons set forth above, petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 is denied. Additionally, petitioner's incorporated request for a certificate of appealability also will be denied.

AO 72
(Rev. 8/82)

- 9 -

An appropriate order will follow.

*Gustave Diamond*
Gustave Diamond
United States District Judge

Date: May 23, 2011

cc: Troy Rivetti
    Assistant U.S. Attorney

    Stephen Bray